Moss, Judge,
delivered the opinion of the court:
On August 24, 1912, plaintiff’s decedent, George I. Alden, executed and delivered to Albert H. Stone, Edward T. Esty,. and to himself, a certain trust instrument by the terms of which he conveyed certain properties to said trustees, with direction and authority to collect the income and make disposition thereof during the lifetime of plaintiff’s decedent. After the death of the beneficiaries under the trust the entire income was to be used for certain charitable and educational! purposes. The instrument was several times modified, but. the particular provision involved in this controversy was never altered. It is contained in clause 2 of the original conveyance, and is as follows: “The trustees shall pay, as often as requested, to me during my lifetime the net cash income of the said trust fund: and they may further pay to me from time to time, as much of the principal as they may in their judgment deem advisable.” ‘
During the years 1918, 1919, and 1920 plaintiff’s decedent, requested the payment of only a part of the net income, and the trustees paid to him only the amount so requested. However, he included in his tax return for each of said years the entire net income as if the whole amount had been actually received, and paid the tax for each year computed on the income shown by his returns. Later, plaintiff’s decedent filed a claim for refund based on the contention that he should have included in his tax returns only that amount of the income which had actually been received by him. This claim was rejected by the Commissioner of Internal Revenue and this action is for the recovery of same. The amount involved is $70,894.39.
The tax in this case was collected under the revenue act of 1918, 40 Stat. 1057, the applicable provisions of which are as follows:
“ Sec. 210. That, in lieu of the taxes imposed by' subdivision (a) of section 1 of the revenue act of 1916 and by *462 section 1 of the revenue act of 1917, there shall be levied, collected, and paid for each taxable year upon the net income of every individual a normal tax. at the following rates: * *
(Here follow the rates.)
“ Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—
* $$$$$$
“(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.
* * * # * :}: *
“(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate, or trust for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary’s net income is computed. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.”
It is the contention of plaintiff that the provision of the trust deed that “ The trustees shall pay as often as requested to me during my lifetime the net cash income from said trust fund * * created and vested in plaintiff’s decedent a general power of appointment and that he acquired no property in said income, and did not under the language of the act of 1918 above set forth become a beneficiary of the net cash income of the trust fund, until he had exercised his power of appointment by requesting its payment and collecting same. The court is unable to agree with this theory.
*463 Under the terms of the trust instrument the trustees were required to pay to plaintiff’s decedent not merely such part of the net income as he might request but to pay the entire amount at such times as he might request. No right whatever was reserved to the trustees as to any part of the net income which he might not request. Plaintiff’s decedent was the unqualified owner of the net income. It was held by the trustees subject to payment to the founder of the trust “ as often as requested.” The trustees were not authorized to invest any uncollected portion, nor to add same to the principal, nor to make any other disposition of it. They did have authority under clause 10 of the trust instrument “ to use as much of the income during my lifetime as I may request in writing * * * for. the promotion of the objections set forth in Clause XI, and may add to the principal so much of the income, from time to time, as I may request in writing.” It does not appear that this authority was ever exercised. Plaintiff’s decedent alone had the disposition of the net income, and it is taxable under section 219 (d) which provides that “ there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the trust.”
It is the judgment of the court that plaintiff’s petition be, and the same is hereby, dismissed.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.